IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ADRIAN STEWART, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-200-WHA |
| | )    (wo) |
| LEON BOLLING, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER**

This case is before the court on a Recommendation of the Magistrate Judge (Doc. #16) and the Petitioner's Objections thereto (Doc. #19).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objections to be without merit and due to be overruled.

In his initial *pro se* 28 U.S.C. § 2254 petition, Stewart raised seven claims for relief: (1) that trial counsel lacked jurisdiction over count two of the indictment against him in state court because the count did not charge the offense of capital murder, (2) trial counsel was ineffective for failing to move to dismiss count two, (3) trial counsel was ineffective for failing to object to the state court's constructive amendment of count two, (4) trial counsel was ineffective for failing to request funds for an expert witness, (5) appellate counsel was ineffective for failing to argue on appeal that the trial court violated his right to a public trial, (6) trial counsel was ineffective for failing to preserve for appellate review the claim that the trial court violated his right to a public trial, and (7) trial counsel was ineffective for failing to move to dismiss count two of the indictment. (Doc. ##1, 2). Stewart filed an amendment to his petition asserting an

additional claim that the State used in-court identification evidence which violated due process because it was a result of a an unduly suggestive photographic array. (Doc. #10).

The Magistrate Judge recommended that the petition be denied without evidentiary hearing and the case dismissed with prejudice, to which Stewart filed objections.

In his objections, Stewart repeats his claim that the State trial court lacked jurisdiction on count two of the indictment because the language of that count did not charge the offense of capital murder under Alabama law. Count two of the indictment charged that Stewart

> did intentionally cause the death of Cornelius Thomas, by shooting him with a gun, and he caused said death during the time that he knowingly and unlawfully entered, or attempted to enter the lawfully occupied dwelling-house of another, to wit: James Hawthorne, with the intent to commit a crime therein, to-wit: robbery and/or assault and/or another crime otherwise unknown to the Grand Jury, in violation of section 13A-5-40(a)(4) of the Code of Alabama, against the peace and dignity of the State of Alabama.

(Doc. #7-1 at 9). The Alabama Court of Criminal Appeals held that the indictment contained all of the elements necessary to charge that the victim was intentionally killed during either a first-degree burglary or a second-degree burglary. (Doc. #7-30 at 9-10). Upon review of the relevant statutes and the indictment, this court agrees with the finding of the Recommendation that the state courts correctly rejected Stewart's claim that the trial court lacked jurisdiction on count two, and the conclusion that the state courts' determination was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" or "based on an unreasonable determination of the facts in light of the evidence presented" in state court. *Dunn v. Madison*, 138 S. Ct. 9, 11 (2017).

Stewart also argues in his objections that his trial counsel was ineffective for failing to move to dismiss count two of the indictment as insufficient to charge capital murder under § 13A-5-40(a)(4) and for failing to object to what he characterizes as the trial court's constructive

amendment of the indictment as to count two.  Because counsel cannot be ineffective for failing to raise a meritless claim, and there is no merits to Stewart's claims regarding count two, Stewart's  trial counsel was not ineffective for failing to challenge count two of the indictment. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel cannot be ineffective for failing to raise a non-meritorious claim).

As to the claim that his trial counsel was ineffective for failing to request funds for an expert witness to testify regarding the effects of James Hawthorne's glaucoma and memory loss, the Recommendation concluded that nothing in the record indicated that the expert could offer an opinion exculpatory of Stewart, or that he would have provided beneficial testimony regarding the effects of James Hawthorne's glaucoma and memory loss.  (Doc. #16 at 20).  Upon review of the record, this court agrees.  While Stewart argues that the Recommendation incorrectly stated that the value of the expert's testimony was speculative, this court agrees that Stewart does not show that the Alabama courts' ruling denying relief was contrary to or involved an unreasonable application of clearly established federal law or an unreasonable determination of the facts. *Dunn*, 138 S. Ct. at 11.

With regard to the claim that his appellate counsel was ineffective for failing to argue on direct appeal that the trial court violated his right to a public trial when the court closed the courtroom to all spectators during the testimony of State's witness Ebone Carter, Stewart argues that the Recommendation fails to mention his argument, buried within this claim, that the courtroom remained closed while witness Jasmine Williams testified following witness Ebone Carter.  Upon review of the record, it appears that neither Stewart's § 2254 petition nor his Alabama Rule 32 petition made it clear that Stewart's claim was predicated on more than his argument regarding closure during Ebone Carter's testimony.  The Alabama Court of Criminal

Appeals understood, and considered, this claim only regarding closure during the testimony of Ebone Carter. (Doc. 7-30 at 17-22). Although not specifically discussed in the Recommendation, apparently because of the lack of clarity in Stewart's claim, this court concludes that the closure of the courtroom during Jasmine Williams's testimony was not an issue specifically and timely preserved by trial counsel.

Even considering the closure of the courtroom during Jasmine Williams' testimony as well as Ebone Carter's testimony, the Alabama Court of Criminal Appeals found that Stewart's appellate counsel did not render ineffective assistance of counsel by failing to argue the public-trial issue on direct appeal because Stewart's trial counsel, when objecting to the closure, failed to state specific grounds sufficient to preserve the public-trial issue for appellate review. (*Id.*). This court agrees with the finding of the Recommendation that the record supports the Alabama Court of Criminal Appeals' determination that trial counsel did not object to the closure of the courtroom in a manner sufficient to preserve a public-trial claim.

With respect to the related claim that trial counsel was ineffective for failing to object to the closure of the courtroom, had his trial counsel properly objected and persuaded the trial court not to close the courtroom during Carter's testimony and Williams's testimony, Stewart does not show how a change in testimony was reasonably likely to affect the outcome. *See Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006).

Finally, Stewart repeats his claim that the admission of the State's in-court identification evidence violated his right to due process because it resulted from an unduly suggestive photographic array. Upon review of the record, this court agrees with the Recommendation that Stewart fails to show that the Alabama court's determination that the photographic array was not unduly suggestive was contrary to or involved an unreasonable application of clearly established

federal law or based on an unreasonable determination of the facts in light of the evidence presented in state court. *Dunn*, 138 S. Ct. at 11.

Accordingly, the objections are OVERRULED, and the court ADOPTS the Recommendation of the Magistrate Judge.

It is hereby ORDERED that this case is DISMISSED with prejudice.

A final judgment will be entered in accordance with this Order.

Done this 25th day of September, 2020.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNTIED STATE DISTRICT JUDGE